IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS J. MCBRIDE and ALISA MCBRIDE, ) ) ) Plaintiffs, ) ) v. ) ) MICHAEL DAVIS and PROTECTION ONE ALARM MONITORING, INC., ) ) ) ) Defendants. ) | Case No. 3:05-cv-433-GPM |

**ORDER**

This matter is before the Court on the Motion for Relief of the Court's Discovery Order filed by the Defendant, Protection One Alarm Monitoring, Inc., on March 3, 2006 (Doc. 22). For the reasons set forth below the motion is **DENIED**.

**BACKGROUND**

On August 3, 2005, this Court entered a Scheduling Order (Doc. 12) which adopted a Joint Report of Parties (JROP). Pursuant to the JROP, the Defendants were to disclose their expert, and provide expert reports, by January 15, 2006. This is also the deadline for the Plaintiff to depose this expert. In addition, the discovery deadline was February 5, 2006. Currently, this matter is set for a settlement conference on March 24, 2006 and is set for the presumptive trial month of June, 2006. No dispositive motions have been filed.

In the present motion, the Defendant seeks until March 15, 2006 to "endorse" an expert. The Defendant indicates that it was not able to "endorse" an expert prior to this date because it just received certain necessary medical reports on February 7, 2006. These documents were responsive to a document request served by the Defendant on December 7, 2005.

**DISCUSSION**

Federal Rule of Civil Procedure 16(b) provides that "[a] schedule shall not be modified except upon a showing of good cause and by leave" of Court.  Rule 6(b) further provides that when a deadline has elapsed, the Court may "upon motion . . . permit the act to be done where the failure to act was the result of excusable neglect."  Finally, Rule 26(a)(2)(C) provides that in lieu of an agreement between the parties or an order of this Court, expert disclosures "shall be made at least 90 days before the trial date or the date the case is to be ready for trial."  The Plaintiff objects to the extension because it would leave him with insufficient time to seek a rebuttal expert.

The Defendant has not shown good cause for the extension.  This motion was filed a month after the discovery cut-off date and almost two months after the expert disclosure date.  The Defendant has offered no excuse why it filed this untimely motion or why it did not seek relief prior to the deadlines.  The Defendant also has not shown excusable neglect.  It appears that the Defendant waited three months for documents from a health care provider.  The Defendant offers no reasons why it chose to wait for such an extended period of time.  In addition, the Defendants offers no reason why it sought those documents in December when it was probably aware of these medical reports when the Plaintiff made his initial disclosures in August, 2005.

The Defendant also indicates that it would be "endorsing" its expert by March 15, 2006 and that it will produce the expert for deposition by March 30, 2006.  As this matter is set for the presumptive trial month of June, 2006, these dates are inconsistent with the 90 day limit imposed by Rule 26(a)(2)(C).  The Defendant has offered no argument why this mandatory time limit

should be adjusted.  In any event, disclosing an expert at this stage in the proceedings will not allow the Plaintiff sufficient time to seek and depose a rebuttal expert.  In sum, the Defendant's motion comes too late, offers an insufficient excuse for the tardiness, and would prejudice the Plaintiff if granted.

## CONCLUSION

For the foregoing reasons, the Motion for Relief of the Court's Discovery Order filed by the Defendant, Protection One Alarm Monitoring, Inc., on March 3, 2006 is **DENIED** (Doc. 22).

**DATED: March 9, 2006**

<u>s/ Donald G. Wilkerson</u>
**DONALD G. WILKERSON**
**United States Magistrate Judge**